IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RODNEY DEWAYNE JOHNSON**,

*Petitioner,*

*v.*

CAUSE NO.: 3:22-CV-311-CWR-LGI

**SUPERINTENDENT BRAND HUFFMAN**,

*Respondent.*

## ORDER

There are two matters before the Court. The first matter is pursuant to the Report and Recommendation of the United States Magistrate Judge, which was entered on July 18, 2025. Docket No. 15. The Report and Recommendation notified the parties that failure to file written objections to the findings and recommendations contained therein within 14 days after service would bar further appeal in accordance with 28 U.S.C. § 636(b)(1). *Id.* at 18. Parties have filed no written objections to the Magistrate Judge's Report and Recommendation. The second matter is a subsequent motion to amend, filed by Petitioner Rodney Johnson on August 18, 2025. Docket No. 16.

The Court addresses each matter herein, beginning with Petitioner's motion to amend. For the reasons discussed below, Petitioner's motion to amend is denied, and the Court adopts the Report and Recommendation.

### I.    Motion to Amend

"A party may amend its pleading once as a matter of course no later than: (A) 21 days

1

after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* at (a)(2). This petition was filed on June 15, 2022. Docket No. 9. Respondent answered on July 21, 2022. Docket No. 12. Because 21 days have long expired, and because Respondent has not offered express written consent, Petitioner must request leave of the Court to amend his petition. This request is denied.

"The decision to grant or deny leave [to amend] is within the sound discretion of the district court." *Bloom v. Bexar Cnty., Tex.*, 130 F.3d 722, 727 (5th Cir. 1997) (citing Fed. R. Civ. P. 15(a)). District courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "if the district court determines that amendment would be futile . . . leave to amend should be denied." *Johnson v. Stephens*, 617 F. App'x 293, 301 (5th Cir. 2015) (citations omitted).

Petitioner's motion to amend embraces the same issues raised in his initial petition: specifically, arguing ineffective assistance of counsel. *Compare* Motion to Amend, Docket No. 16 *with* Petition, Docket No. 9 at 25-30. These are the same arguments that were considered in the Report and Recommendation. This Court determines that amendment would, in fact, be futile because Petitioner's arguments have been accurately addressed in the Report and Recommendation. To the extent Petitioner intended his motion to object to the Report and Recommendation, it is ineffective for the same reason.

## II.    Report and Recommendation

This Court, finding that there has been no submission of written objections by any party, hereby adopts said Report and Recommendation as the Order of this Court. Accordingly, this

case is dismissed. A separate Final Judgment will issue.

        **SO ORDERED**, this the 20th day of March, 2026.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
